1  **TIFFANY LENA, ESQ.; SBN 185603**
2  1670 Sagewood Way
   San Marcos, CA 92078
3  telephone: (760) 697-0059
   tiffany.lena@att.net
4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF CALIFORNIA

7
   **BOARD OF TRUSTEES OF THE KERN**        Civil Case No.:
8  **COUNTY    ELECTRICAL    WORKERS'**
   **PENSION FUND, BOARD OF TRUSTEES OF**
9  **THE   KERN   COUNTY   ELECTRICAL**
   **WORKERS' HEALTH & WELFARE TRUST**       **COMPLAINT TO COLLECT**
10 **and BOARD OF TRUSTEES OF THE KERN**     **DELINQUENT CONTRIBUTIONS,**
   **COUNTY   ELECTRICAL   JOURNEYMAN**      **LIQUIDATED DAMAGES, INTEREST,**
11 **AND APPRENTICESHIP TRAINING TRUST,**    **ATTORNEY'S FEES, AND COSTS**
                                             **[ERISA §§ 515, 502(g)(2)][29 U.S.C. §§**
12                                           **1145, 1132(g)(2)]**
13
                **Plaintiffs,**
14
        v.
15
16 **POWER DESIGN ELECTRIC, INC. and**
   **DOES 1 THROUGH 25**
17
                **Defendants.**
18

19 Plaintiffs complain and allege as follows:

20                         **PARTIES**

21    1)  Plaintiffs are the Board of Trustees of the Kern County Electrical Workers' Pension

22 Fund; the Board of Trustees of the Kern County Electrical Workers' Health and Welfare Trust;

23 and the Board of Trustees of the Kern County Electrical Journeyman and Apprenticeship

24 Training Trust (collectively referred to herein as "the Trusts").  The Trusts are administered by

25

26 ///

27                                -1-

28
   COMPLAINT TO COLLECT DELINQUENT CONTRIBUTIONS, LIQUIDATED
           DAMAGES, INTEREST, ATTORNEY'S FEES AND COSTS
       [ERISA §§ 515, 502 (g)(2)] [29 U.S.C. §§ 1145, 1132 (g)(2)]

Construction Benefits Administration, Inc. (hereinafter "the Trust Administrator") located at 3805 North Sillect Avenue, Bakersfield, California 93308, County of Kern.

2)   Defendant is Power Design Electric, Inc., a corporation organized and existing under the law of this State (hereinafter "Power Design"), having it's principal business office located at 335 North 5th Avenue, Kingsburg CA  93631, County of Fresno.  Power Design is, and at all times herein was, a signatory contractor to a written collective bargaining agreement between the International Brotherhood of Electrical Workers, Local 428 (hereinafter "the Union) and the National Electrical Contractors Association, Kern County Chapter (hereinafter "NECA") pursuant to Letter of Assent A, which was signed by the principal agent for Power Design, Robert Corey Glover, on or about January 10, 2012.

3)   The true names and capacities of the DOE Defendants 1 through 25, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names.  Plaintiffs will amend their Complaint to allege said DOE Defendants true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe and thereon allege that each Defendant designated herein is responsible in some actionable manner for the occurrences and injuries alleged herein.

## JURISDICTION AND VENUE

4)   The Trusts were created and now exist pursuant to the Labor Management Relations Act of 1947, section 302(c) (29 U.S.C. §186(c)) and are each part of a multi-employer plan as defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, §3(37)(A)  (29 U.S.C. §1002(37)(A) and as used in ERISA sections 515 and 502(g)(2)  (29 U.S.C. §§1145, 1132(g)(2)).  Therefore, this Court has jurisdiction of this case under federal

-2-

COMPLAINT TO COLLECT DELINQUENT CONTRIBUTIONS, LIQUIDATED
DAMAGES, INTEREST, ATTORNEY'S FEES AND COSTS
[ERISA §§ 515, 502 (g)(2)] [29 U.S.C. §§ 1145, 1132 (g)(2)]

question jurisdiction pursuant to section 502(e)(1) of ERISA (29 U.S.C. §1132 (e)), and under

section 301(a) of the Labor Management Relations Act of 1947 (herein referred to as the

"LMRA"), as amended (29 U.S.C. §185(a)).

5)   The Trust Administrator, where signatory contractors submit monthly reports and

accompanying fringe benefit contributions for the benefit of the working participants of the

Trusts, is located at 3805 North Sillect Avenue, Bakersfield, California 93308, County of Kern.

The subject of this Complaint is Power Design's failure to submit timely reports and

contributions to the Trust Administrator.  Moreover, Letter of Assent A, which binds Power

Design as a signatory contractor to the collective bargaining agreement between the Union and

NECA and which compels Defendant's contributions to the Trusts was executed in Bakersfield

CA.  Venue is therefore proper in this district under ERISA § 502(e)(2) (29 U.S.C. §1132(e)(2)).

## **CONTRACTUAL FOUNDATION SUPPORTING COMPLAINT**

6)   Plaintiffs are informed and believe and thereon allege, that on or about January 10, 2012,

Defendant executed a contract entitled "Letter of Assent A" by which Defendant "agree[d] to

comply with, and be bound by, all of the provisions contained in said current and subsequently

approved labor agreements."  Said labor agreement in place at the time was the 2012-2014

Agreement Covering Inside Electrical Construction & Maintenance Work in Kern County

California between the Union and NECA.  This Labor Agreement specifically states that, "All

parties signatory this Agreement agree to abide by all the rules and regulations of Trust

Documents of: (1) Kern County Electrical Workers' Health and Welfare Trust; (2) Kern County

Electrical Workers' Pension Fund; and 3) Kern County Electrical Journeyman and

///

-3-

COMPLAINT TO COLLECT DELINQUENT CONTRIBUTIONS, LIQUIDATED
DAMAGES, INTEREST, ATTORNEY'S FEES AND COSTS
[ERISA §§ 515, 502 (g)(2)] [29 U.S.C. §§ 1145, 1132 (g)(2)]

Apprenticeship Training Trust."   The Labor Agreement, Letter of Assent and Trust Documents shall herein be referred to collectively as, "the Agreements."

7)     Section 6.02(a) "Trust Contributions" of the Labor Agreement states that, "All parties signatory to this Agreement agree to abide by all the rules and regulations of Trust Documents of (1) Kern County Electrical Health Fund. . .; (2) Kern County Electrical Pension Fund . . .; and (3) Kern County Electrical Apprenticeship and Training Fund. . .."  Section 602(b) of the Agreement states that, "The employer shall pay monthly, the amounts stated above in subsections (a)(1), (a)(2), and (a)(3), to a depository designated by the Trustees of these Funds, for each hour worked by all employees employed on work covered by this Agreement."

8)   Article IV CONTRIBUTIONS & COLLECTIONS of the Pension Trust Agreement states that, "(a) Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms provided for in the applicable collective bargaining agreement .

9)   Article IV CONTRIBUTIONS AND COLLECTIONS of the Journeyman & Apprenticeship Trust Agreement states that, "(a) Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms provided for in the applicable collective bargaining agreement . ."

10)   Article IV CONTRIBUTIONS AND COLLECTIONS of the Health & Welfare Trust Agreement states that, "(a) Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms provided for in the applicable collective bargaining agreement . . ."

11)   The Trust Agreements referred to in paragraphs 8, 9 and 10 also require signatory contractors to submit contribution on behalf of their employees by the 15th of each month and

-4-

COMPLAINT TO COLLECT DELINQUENT CONTRIBUTIONS, LIQUIDATED
DAMAGES, INTEREST, ATTORNEY'S FEES AND COSTS
[ERISA §§ 515, 502 (g)(2)] [29 U.S.C. §§ 1145, 1132 (g)(2)]

provide that the contributions are delinquent if not received by the 20th day of the same month. Monthly reports must accompany the payment of contributions in order for the Trust Administrative Office to process payments accordingly.

12) The Trust Agreements referred to in paragraphs 8, 9 and 10 also provide for liquidated damages in the sum of ten percent (10%) to be imposed on late contributions. Said liquidated damages are not penalties. Rather, it is impracticable and extremely difficult to fix the actual damages suffered by Plaintiffs as a result of said delinquencies. The liquidated damages therefore represent a reasonable endeavor to ascertain, and compensate for, the damages resulting from any delinquency.

13) The Trust Agreements referred to in paragraphs 8, 9 and 10 also provide that all delinquent contributions shall accrue prejudgment interest at a rate of ten percent (10%) per annum from the respective due date of each contribution through the date of actual payment.

14) The Trust Agreements referred to in paragraphs 8, 9 and 10 and federal law provide that a delinquent employer is liable for attorneys fees and court costs incurred by the Trusts with respect to any litigation concerning delinquent contributions, including, but not limited to, all reasonable expenses incurred in the preparation, filing and prosecution of this action, according to proof.

15) The Trust Agreements referred to in paragraphs 8, 9 and 10, and federal law, do not require Plaintiffs to exhaust administrative remedies before initiating this action.

16) Regular and prompt payment of contributions to the Trust Funds is essential to the continued financial health and maintenance of the Trusts. The Trust Funds are bound by federal law to provide pension benefits to the participants and beneficiaries even when employers are not

-5-

COMPLAINT TO COLLECT DELINQUENT CONTRIBUTIONS, LIQUIDATED DAMAGES, INTEREST, ATTORNEY'S FEES AND COSTS
[ERISA §§ 515, 502 (g)(2)] [29 U.S.C. §§ 1145, 1132 (g)(2)]

current with their contribution payments.  When health and welfare contributions are not made, participants and dependents lose needed medical benefits.

## **STATEMENT OF FACTS**

17)   Plaintiffs Trust Funds incorporate by reference paragraphs 1 through 16 of this Complaint.

18)   In November 2018, the Union Compliance Agent discovered that Power Design was performing two public works projects in the jurisdiction covered by the Agreements without complying with the terms of the Agreements.  The Compliance Agent subsequently attempted to contact Power Design by email and telephone regarding their contractual obligations pursuant to the Agreements but received no response from Power Design.

19)   In June 2019, Power Design returned a telephone call from attorney for the Trust Funds and agreed to an audit of his company to determine what amounts, if any, were owed under the Agreements arising from his work on the two public works projects in Kern County.  An audit was performed by the Trust Funds compliance examiner in August 2019.  It was determined by the examiner that Power Design owed one of two amounts: (1) $33,349.29 if Robert Glover, as a working member of Power Design, was NOT included in the hours worked under the Agreement; or (2) $40,284.20 if Robert Glover, as a working member of Power Design was included in the hours worked under the Agreements.

20)   Power Design was provided with a copy of both audits and a demand for payment made but Power Design has refused and continues to refuse to make any payment for the delinquent contributions despite repeated demands by the Trust Funds.

-6-

COMPLAINT TO COLLECT DELINQUENT CONTRIBUTIONS, LIQUIDATED
DAMAGES, INTEREST, ATTORNEY'S FEES AND COSTS
[ERISA §§ 515, 502 (g)(2)] [29 U.S.C. §§ 1145, 1132 (g)(2)]

21)  The Agreements provide a mechanism for termination: Letter of Assent A specified that the Labor Agreement to which Defendant was signatory would remain in effect until terminated by Defendant by giving written notice to NECA and the Union, at least one hundred fifty (150) days prior to the then current anniversary date of the labor agreement.  At no time did Defendant submit such notice to either NECA or the Union.  In fact, Defendant has previously admitted that he failed to submit the written notice required to terminate the Agreements.

22)  Plaintiffs have performed all conditions, covenants and promises required of them by the Agreements, and in accordance with the terms and conditions thereof, except for those acts that have been prevented, delayed, or excused by the consent, acts or omissions of Power Design or DOE Defendants.

23)  The Agreements are binding upon the heirs, executors, administrators, successors, purchasers and assignees of Power Design and the DOE Defendants, including any name or style under which business is conducted with respect to work covered by the Agreements.

WHEREFORE, Plaintiffs pray a judgment against Defendants as follows:

a.    For principal amount to be shown through proof at time of trial, consisting of contributions and liquidated damages;
b.    For interest at the rate of 10% per annum on all sums due;
c.    For costs of the lawsuit incurred herein;
d.    For reasonable attorney's fees incurred herein;
e.    For such other and further relief as the court may deem appropriate.

Dated: June 3, 2020                                 Tiffany Lena


By: TIFFANY LENA
The Law Office of Tiffany Lena
Attorney for Plaintiffs

-7-

COMPLAINT TO COLLECT DELINQUENT CONTRIBUTIONS, LIQUIDATED
DAMAGES, INTEREST, ATTORNEY'S FEES AND COSTS
[ERISA §§ 515, 502 (g)(2)] [29 U.S.C. §§ 1145, 1132 (g)(2)]